**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-7253

JONATHAN JAMES NEWELL,

Plaintiff - Appellant,

v.

ROY COOPER GOVERNOR'S COVID-19 TASK FORCE; MANDY COHEN; JOSHUA STEIN; ERIK A. HOOKS; TODD ISHEE; NORTH CAROLINA DEPARTMENT OF ENVIRONMENT AND QUALITY; WARREN COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES; WARREN COUNTY MUNICIPALITY; ABC 11 EYEWITNESS NEWS; WRAL NEWS,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:20-ct-03378-M)

Submitted:  February 27, 2024                           Decided:  March 1, 2024

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Jonathan James Newell, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan James Newell seeks to appeal the district court's order denying his "motion to reopen or vacate the judgment, to amend complaint for new rule retroactive adjudication." We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on October 23, 2023. Newell filed the notice of appeal on December 6, 2023.[*] Because Newell failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Newell could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2